IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ENTERGY NUCLEAR INDIAN POINT 2, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 03-2622C<br>(Judge Lettow) |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in the first sentence of paragraph 1 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second and third sentences of paragraph 1 to the extent supported by the contracted cited, which is the best evidence of its content; otherwise denies the allegations contained in the second and third sentences of paragraph 1. Admits the allegations contained in the fourth sentence of paragraph 1 that the Department of Energy ("DOE") has not yet begun the disposal of spent nuclear fuel and high-level radioactive waste (collectively, "SNF") under the standard contract published at 10 C.F.R. § 961.11 and that DOE has stated that it anticipates it will not be able to begin SNF disposal until 2010 (see 60 Fed. Reg. 21793, 21794 (May 3,

1005)); the remaining allegations contained in the fourth sentence of paragraph 1 are plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. The allegations contained in the fifth sentence of paragraph 1 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

2. Denies the allegations contained in the first sentence of paragraph 2 for lack of knowledge of information sufficient to form a belief as to their truth. Admits the allegation contained in the second and third sentences of paragraph 2. Admits the allegations contained in the fourth sentence of paragraph 2 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the fourth sentence of paragraph 2. Denies the allegations contained in the fifth sentence of paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegation contained in the sixth sentence of paragraph 2 to the extent supported by the letter and contract cited, which are the best evidence of their contents; otherwise denies the allegations contained in the sixth sentence of paragraph 2.

3. Admits.

4. The allegations contained in paragraph 4 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

5. The allegations contained in the first sentence of paragraph 5 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 5 to the extent supported by the court decisions cited, which are the best evidence of their contents; otherwise denies the allegations contained in the second sentence of paragraph 5.

6. Admits the allegations contained in the first sentence of paragraph 6 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 6. The allegations contained in the second sentence of paragraph 6 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

7. The allegations contained in paragraph 7 are conclusions of law to which no response is required; to the

extent that they may be deemed allegations of fact, they are denied.

8. Admits the allegations contained in paragraph 8 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 8.

9. Admits the allegations contained in the first sentence of paragraph 9 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 9. Denies the allegations contained in the second and third sentences of paragraph 9 for lack of knowledge or information sufficient to form a belief as to their truth.

10. The allegations contained in the first and second sentences of paragraph 10 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the third sentence of paragraph 10 to the extent supported by the documents referenced, which are the best evidence of their contents; otherwise denies the allegations contained in the third sentence of paragraph 10.

11. Admits that allegations contained in paragraph 11 to the extent supported by the letter cited, which is the best

evidence of its contents; otherwise denies the allegations contained in paragraph 11.

12. Admits allegations contained in paragraph 12 to the extent supported by the Mission Plan Amendment cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 12.

13. The allegations contained in paragraph 13 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

14. The allegations contained in paragraph 14 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

15. Admits the allegations contained in paragraph 15 to the extent supported by the final interpretation cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 15.

16. Admits the allegations contained in paragraph 16 to the extent supported by the petitions for review and court decision cited, whish is the best evidence of its contents; otherwise denies the allegations contained in paragraph 16.

17. Admits the allegations contained in paragraph 17 to the extent supported by the letter cited, which is the best evidence

of its contents; otherwise denies the allegations contained in paragraph 17.

18. Admits the allegations contained in paragraph 18 to the extent supported by the petition for a writ of mandamus and court decisions cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 18.

19. Denies the allegations contained in the first sentence of paragraph 19. Admits the allegation contained in the second and third sentence of paragraph 19 that DOE has not yet begun the disposal of SNF under the standard contract published at 10 C.F.R. § 961.11 and that DOE has stated that it anticipates it will not be able to begin SNF disposal until 2010 (see 60 Fed. Reg. 21793, 21794 (May 3, 1995)); the remaining allegations contained in the second and third sentences of paragraph 19 are plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

20. The allegations contained in paragraph 20 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

21. Denies.

22. Defendant's response to paragraph 1 through 21 of the complaint are incorporated by reference.

23. The allegations contained in paragraph 23 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

24. Admits the allegations contained in paragraph 24 to the extent supported by the decisions issued by the courts of appeals in Indiana Michigan Power Co. v. United States, 88 F.3d 1272 (D.C. Cir. 1996); Northern States Power Co. v. United States Department of Energy, 128 F.3d 754 (D.C. Cir. 1997)); Maine Yankee Atomic Power Co. v. United States, 225 F.3d 1336 (Fed. Cir. 2000); and Northern States Power Co. v. United States, 224 F.3d 1361; otherwise denies the allegations contained in paragraph 24.

25. Denies.

26. Defendant's responses to paragraphs 1 through 25 of the complaint are incorporated by reference.

27. The allegations contained in paragraph 27 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

28. The allegations contained in paragraph 28 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, defendant admits that expenditures to

date from the Nuclear Waste Fund have been less than the level of receipts into the Nuclear Waste Fund; otherwise denies the allegations contained in paragraph 28.

29. The allegations contained in paragraph 29 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied; defendant avers that the Department of Energy has not accepted any commercial spent nuclear fuel and/or high-level radioactive waste under the auspices of the Nuclear Waste Policy Act, 42 U.S.C. §§ 10101-10270.

30. Denies.

31. Defendant's response to paragraphs 1 through 30 of the complaint are incorporated by reference.

32. The allegations contained in paragraph 32 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

33. The allegations contained in paragraph 33 are conclusion of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

34. The allegations contained in paragraph 34 are conclusion of law and plaintiff's characterization of its case to

which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

35. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 34, or to any relief whatsoever.

36. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant request that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

OF COUNSEL:

JANE K. TAYLOR
MARTHA S. CROSLAND
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 305-7562
Fax: (202) 307-2503

February 23, 2004

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 23rd day of February 2004, a copy of foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Harold D. Lester, Jr.