ORIGINAL

# In the United States Court of Federal Claims

No. 98-126 C
(Filed: January 30, 2004 )

FILED
JAN 3 0 2004
U.S. COURT OF FEDERAL CLAIMS

**************************************
YANKEE ATOMIC ELECTRIC CO., *
Plaintiff, *
v. *
THE UNITED STATES, *
Defendant. *
**************************************

## ORDER

On July 30, 2003, Defendant filed a Second Motion to Renew its Motion to Consolidate in the set of cases before the Court informally referred to as Spent Nuclear Fuel (SNF) cases. Although the motion was officially docketed in this case, the first-filed of the SNF cases, it was captioned in the name of all of the 21 then-pending SNF cases and addressed to the Chief Judge for determination.

In the motion, the Government requests renewed consideration of its previous motions to consolidate these cases, although its instant motion seeks consolidation in particular "for the purposes of deciding schedule issues."

A brief recitation of the history of this motion is in order. Defendant first raised the issue of consolidation before a single judge by motion in January 2001. In May 2001, then-Chief Judge Baskir assigned the matter to Judge Wiese as managing judge for consideration. The parties ultimately agreed to a plan of consolidated discovery. In August 2001, Judge Wiese in turn assigned Judge Sypolt (then Weinstein) to preside over the consolidated discovery. Subsequent to the conclusion of consolidated discovery in the fall of 2002 , Defendant – in February 2003 – renewed its motion for consolidation before a single judge. Upon review of a court-requested joint status report from the parties and discussion among the judges of the court presiding over the then-21 SNF cases, the Chief Judge issued an order on April 16, 2003, identifying six of the cases as "lead" or "accelerated" cases for the resolution of certain

75

dispositive motions and directing that the remaining cases be stayed, although such stays could be lifted at the discretion of any of the presiding judges. The Order of April 16, 2003, stayed any decision on the renewed motion to consolidate before a single judge. In the meantime, opinions on dispositive motions in five of the six lead cases have been issued by the respective presiding judges. These five cases have also been scheduled for trial on damages.

Consolidation of all the SNF cases would be an extraordinary action The Chief Judge's authority to order consolidation would only be pursuant to Rule 40.1(c) ("Assignment and Transfer of Cases") of the Rules of the Court of Federal Claims (RCFC), as circumscribed by the prescriptions of RCFC 40.2 ("Related Cases), 42 ("Consolidation; Separate Trials"), and 42.1 ("Motions to Consolidate").

As of this date, the Court now has before approximately 55 SNF cases. Given the posture of the six "lead" cases designated in the Court's Order entered on April 16, 2003, and the grant of summary judgment in favor of the plaintiff on acceptance rate, entered June 27, 2003, in the lead case of *Indiana Michigan Power Co. v. United States*, # 98-486 C, the Court determines that consolidation – even as to the particular issues of rate of acceptance and schedule of acceptance – would not effectuate any greater efficient administration of justice than that of letting the six lead cases proceed with their dispositive motions and/or trial on damages. The Court hereby **DENIES** Defendant's motion to renew its motion to consolidate as well as its previous motions relating to consolidation. The Court further **LIFTS THE STAY** of the remainder of the cases to which the Order of April 16, 2003, applied.

The Clerk of the Court is directed to docket this Order in this case with an entry noting the same on the dockets of the remaining SNF cases captioned in Defendant's instant motion, with a courtesy copy to *all* SNF parties and presiding SNF judges of the Court.

Edward J. Damich

EDWARD J. DAMICH
Chief Judge