IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **ENTERGY NUCLEAR INDIAN POINT 2, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**THE UNITED STATES,**<br><br>Defendant. | ) | No. 03-2622C<br>(Judge Lettow) |

**<u>PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON LIABILITY</u>**

Pursuant to RCFC 56, Plaintiff Entergy Nuclear Indian Point 2, LLC ("ENIP") respectfully requests that this Court enter summary judgment against Defendant (the "Government") on the issue of the Government's liability for partial breach of contract.

## I. STANDARD OF REVIEW

Generally, summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. RCFC 56(c); <u>Rockwell Int'l Corp. v. United States</u>, 147 F.3d 1358, 1361 (Fed. Cir. 1998).

## II. THE GOVERNMENT BREACHED ENIP'S STANDARD CONTRACT

There is no genuine issue of material fact that the Government breached ENIP's Standard Contract and should be held liable for the resulting damages. Generally, "[f]ailure to perform a contractual duty when it is due is a breach of the contract." <u>Winstar Corp. v. United States</u>, 64 F.3d 1531, 1545 (Fed. Cir. 1995) (en banc), <u>aff'd</u>, 518 U.S. 839 (1996); <u>see also Indiana Mich. Power Co. v. United States</u>, 57 Fed. Cl. 88, 97 (2003). The Government breached ENIP's Standard Contract when it failed to begin disposal of ENIP's and other utilities' spent nuclear

fuel on January 31, 1998 as required by Article II of the Standard Contract. The Government has conceded that it did not commence performance on that date. Indeed, the current "official" position of the Department of Energy ("DOE") is that it will not commence performance until 2010 at the earliest. Final Interpretation, 60 Fed. Reg. 21,793, 21,794 (May 3, 1995).

By way of background, ENIP's predecessor – Consolidated Edison Company of New York, Inc. ("ConEd") – and the Government entered into the Standard Contract for Disposal of Spent Nuclear Fuel and/or High-Level Radioactive Waste, 10 C.F.R. § 961.11 ("Standard Contract"), which is a valid contract. See ENIP's Contract[1]; PFF ¶¶ 1-3.[2] Under the Nuclear Waste Policy Act ("NWPA") and Article II of ENIP's Contract, the Government had a clear duty to begin accepting spent nuclear fuel ("SNF") by January 1, 1998. Nuclear Waste Policy Act, 42 U.S.C. § 10222(a)(5); ENIP's Contract, Art. II; Northern States Power Co. v. Dep't of Energy, 128 F.3d 754, 760 (D.C. Cir. 1997) ("[T]he NWPA directs DOE to undertake the duty to begin taking the SNF by January 31, 1998, whether or not it has a repository or interim storage facility."); Indiana Mich. Power Co. v. United States, 88 F.3d 1272, 1276 (D.C. Cir. 1996) (holding that the DOE's obligation to begin to dispose of SNF not later than January 31, 1998 is "without qualification or condition"); PFF ¶¶ 4-6.

Furthermore, the U.S. Court of Appeals for the Federal Circuit ("Federal Circuit") has already determined that the Government breached every Standard Contract, when the DOE failed to begin accepting SNF on January 31, 1998. Maine Yankee Atomic Power Co. v. United States,

---

[1] "ENIP's Contract" refers to the contract between ENIP's predecessor – ConEd – and DOE, executed on June 17, 1983. See Complaint ¶¶ 2, 9. By letter dated September 6, 2001 and in accordance with Article XIV of the Standard Contract, ConEd notified DOE that it had assigned to ENIP ConEd's Standard Contract for the Indian Point 1 and 2 nuclear plants. See Complaint ¶ 2, n.1.

[2] "PFF" refers to ENIP's Proposed Findings of Uncontroverted Fact in Support of Its Motion for Summary Judgment on Liability, filed concurrently with this motion.

225 F.3d 1336, 1342 (Fed. Cir. 2000) ("The breach involved all utilities that had signed the contract – the entire nuclear electric industry."); PFF ¶¶ 8-9; see also Northern States Power Co. v. United States, 224 F.3d 1361 (Fed. Cir. 2000). Notably, the Government expressly stated that it would not be able to begin to dispose of SNF stored by nuclear utilities, including ENIP, until at least 2010. Final Interpretation, 60 Fed. Reg. at 21,794; PFF ¶ 7; see also Roedler v. Dep't of Energy, 255 F.3d 1347, 1350 (Fed. Cir. 2002). Therefore, there is no question that the Government breached ENIP's Standard Contract. In fact, as of the date of this filing, in each of the eight cases in which it has addressed this very issue,[3] the Court of Federal Claims has found the Government liable for breach of the Standard Contract.

[3] Northern States Power Co. v. United States, No. 98-484C (Wiese, S.J.); Florida Power & Light Co. v. United States, No. 98-483C (Sypolt, J.); Commonwealth Edison Co. v. United States, No. 98-621C (Hewitt, J.); Yankee Atomic Elec. Co. v. United States, No. 98-126C (Merow, S.J.); Connecticut Yankee Atomic Power Co. v. United States, No. 98-154C (Merow, S.J.); Maine Yankee Atomic Power Co. v. United States, No. 98-474C (Merow, S.J.); Indiana Michigan Power Co. v. United States, No. 98-486C (Hodges, J.); and Southern Nuclear Operating Co. v. United States, No. 98-614C (Merow, S.J.).

## CONCLUSION

For the foregoing reasons, ENIP respectfully requests that this Court enter summary judgment against the Government on the issue of the Government's liability for partial breach of contract.

Dated: May 28, 2004

Respectfully submitted,

s/ Alex D. Tomaszczuk by s/ Jack Y. Chu

Alex D. Tomaszczuk
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, VA 22102-4859
(703) 770-7940
(703) 770-7901 (fax)
Counsel of Record for Plaintiff
Entergy Nuclear Indian Point 2, LLC

Of Counsel:
Jay E. Silberg
Devon E. Hewitt
Michael G. Lepre
Daniel S. Herzfeld
Jack Y. Chu
**SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington D.C. 20037
(202) 663-8000
(202) 663-8007 (fax)

John M. Fulton
Assistant General Counsel
Entergy Nuclear Generation Company
440 Hamilton Avenue
Mail Stop 12A
White Plains, NY 10601

Document #: 1398768 v.1