**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **ENTERGY NUCLEAR INDIAN POINT 2, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**THE UNITED STATES,**<br><br>Defendant. | No. 03-2622C<br>(Judge Lettow) |

**ENTERGY NUCLEAR INDIAN POINT 2, LLC'S RESPONSE TO DEFENDANT'S NOTICE OF DIRECTLY-RELATED CASES, MOTION TO REASSIGN, AND MOTION TO CONSOLIDATE**

Pursuant to RCFC 40.1(b), 40.2(a)(3), 42, and 42.1, Plaintiff Entergy Nuclear Indian Point 2, LLC ("ENIP") respectfully responds to Defendant United States' (the "Government") August 5, 2004 notice of directly-related cases, motion to reassign this case and Consolidated Edison Co. of N.Y. v. United States, No. 04-0033C ("ConEd") to the same Judge, and motion to consolidate this case with ConEd ("Motion to Consolidate"). ENIP does not oppose the Government's motion to transfer one of these cases such that both ENIP and ConEd are before a single Judge of this Court. However, ENIP opposes the Government's request to consolidate these cases at this time. For the reasons set forth herein, consolidation will not promote judicial economy, but will lead to delay of these two cases and prejudice ENIP and ConEd's right to pursue their actions.[1]

[1] ENIP files this response in both ENIP and ConEd to allow both Judges a full record in light of RCFC 40.2(a)(3), instructing the Judge in an earlier-filed case to consult with the Judge in a later-filed case.

## I. ENIP DOES NOT OBJECT TO THE GOVERNMENT'S MOTION TO TRANSFER

Directly-related cases include those that "involve the same contract . . . ." RCFC 40.2(a)(1)(B). As noted by the Government in its motion, both this case and ConEd involve some claims based on the same Standard Contract for Disposal of Spent Nuclear Fuel and/or High-Level Radioactive Waste No. DE-CR01-83-NE44373 ("the Standard Contract"), which covers the Indian Point 1 and 2 Nuclear Power Stations. Because these two cases "involve the same contract" they are, in fact, "directly-related cases" under RCFC 40.2(a)(1)(B). Thus, based on this fact, ENIP does not object to the Government's request to transfer one of these cases such that both ENIP and ConEd are before a single Judge. See RCFC 40.1(b).[2]

## II. CONSOLIDATION IS NOT APPROPRIATE

Nevertheless, while ENIP does not object to the Government's motion to transfer one of these cases such that both cases are before a single Judge, ENIP and ConEd need not and should not be consolidated at this time. Consolidation of directly-related cases is governed by both RCFC 40.2 and 42(a). This Court must consider whether consolidation of directly-related cases will conserve judicial resources and promote efficient determinations of the actions. RCFC 40.2(a)(4). Additionally, RCFC 42(a) provides this Court with the discretion to consolidate cases involving common questions of law or fact. The rule provides considerable flexibility to take whatever actions "tend to avoid unnecessary costs or delay," whether this requires consolidation or not. RCFC 42(a). In this regard, the "party moving for consolidation must bear

[2] Based on the Government's citation of RCFC 40.1(b) (and not RCFC 40.1(c)) and its statement that it requests "transfer," Motion to Consolidate at 1, ENIP understands the Government's motion to request "transfer," not "reassignment" as the title of its motion would presume. A motion to transfer can be initiated by motion of a party and involves consultation and agreement between the two judges involved. See RCFC 40.1(b). Absent recusal or disqualification, it appears that only the Chief Judge may "reassign" a case under RCFC 40.1.

the burden of showing the commonality of factual and legal issues" that justifies consolidation of the cases. In re Repetitive Stress Injury Litig., 11 F.3d 368, 373 (2d Cir. 1993), reh'g granted on other grounds, 35 F.3d 637 (2d Cir. 1994). Furthermore, assuming a common question of fact can be shown, the Court's determination as to whether consolidation is appropriate "depends on whether the interest of judicial economy outweighs the potential for delay, confusion, and prejudice that may result from consolidation." Karuk Tribe of Cal. v. United States, 27 Fed. Cl. 429, 433 (1993).

Contrary to the Government's assertions, it is not clear that a common question of fact or law exists to justify consolidating these cases. First, the Government incorrectly states that this Court will need to construe the "scope" of the language used by ConEd in assigning the Standard Contract to ENIP. Motion to Consolidate at 8. However, to a great extent, the parties have already represented in their complaints (and otherwise) that ConEd seeks damages prior to the sale of Indian Point 1 and 2 on September 6, 2001, and ENIP, although not explicitly stating the same in its complaint, will be requesting damages thereafter. ConEd Complaint ¶ 67; ENIP Complaint ¶ 2 (acknowledging purchasing plants from ConEd on September 6, 2001). There is no inconsistency in ENIP and ConEd's positions and there may never be any overlap in the damages sought.[3]

[3] The Government's assertion that this Court should review the "validity" of the assignment is a red herring. Motion to Consolidate 8. The Standard Contract provides that any assignment of the Standard Contract is valid with transfer of title and notice to the Department of Energy ("DOE") within 90 days of the assignment. See, e.g., Standard Contract, Art. XIV, 10 C.F.R. § 961.11 ("The rights and duties of the Purchaser may be assignable with transfer of title to the SNF and/or HLW involved; *provided, however*, that notice of any such transfer shall be made to DOE within ninety (90) days of transfer."). ConEd provided notice of its assignment to ENIP on September 6, 2001, the effective date of the transfer of title of the spent nuclear fuel and high level waste. See Motion to Consolidate, Attachment 3.

Second, many of the Government's arguments for consolidation are really arguments for transfer to a single Judge, which transfer ENIP does not oppose. For example, the Government raises a list of potential problems that it alleges are certain "[a]bsent consolidation," such as inconsistent acceptance rates, Greater-Than-Class-C waste, failed fuel, and other issues that may or may not play a part in ENIP and ConEd. See Motion to Consolidate at 10-11. The Government made many of the same arguments for consolidation before the Chief Judge, who rejected the Government's motion to consolidate. See Order, Yankee Atomic Elec. Co. v. United States, No. 98-126C (Jan. 30, 2004). Furthermore, many of these concerns theorizing a possible inconsistency under the Indian Point 2 Standard Contract can be remedied by having the two cases before the same Judge. A single Judge may monitor and coordinate the two cases as necessary without the need for consolidating the two cases at this time. Consolidation now will only lead to complicating and prolonging each case unduly because there are legal and factual issues involved in ConEd (for example, diminution in value, as discussed below) that are not involved in and may never have an impact on ENIP's case. Cf. Cheyenne-Arapaho Tribe of Okla. v. United States, 671 F.2d 1305, 1312 (Ct. Cl. 1982) (denying consolidation where it would complicate and prolong earlier filed case). In the unlikely event a conflict arises between the theories in ENIP and ConEd, the single Judge (with both cases on his docket) can then make a determination whether consolidation is justified.

Furthermore, even assuming arguendo that a common question of law or fact exists, consolidation is premature because of the procedural postures of the cases. See Mills v. Beech Aircraft Corp., 886 F.2d 758, 762 (5th Cir. 1989) ("Consolidation may properly be denied in instances where the cases are at different stages of preparedness for trial.") (quotation omitted); Southwest Marine, Inc. v. Triple A Machine Shop, Inc., 720 F. Supp. 805, 807 (N.D. Cal. 1989)

(consolidation inappropriate if it will lead to delay). In the instant case, ENIP and the Government have already commenced briefing on the question of liability. The procedural posture of ENIP, therefore, is already more advanced than the procedural posture of ConEd. In fact, the Government has not contested its liability for breach of contract in ENIP, but only the date at which liability accrued. See Defendant's Corrected Response to Plaintiff's Motion for Summary Judgment on Liability, and Defendant's Cross-Motion for Summary Judgment on Liability at 21, ENIP (Aug. 3, 2004). Thus, this case may be able to proceed rapidly. ENIP would be significantly prejudiced by the need to brief issues irrelevant to its case that would distract this Court and the parties in ENIP from proceeding expeditiously to damages discovery and a trial.

It is also likely that the procedural postures of these two cases will further diverge because, as the Government notes in its motion to consolidate, ConEd has relied on a theory of recovery based on the diminution in the sale value of the plants covered by the Standard Contract. Motion to Consolidate at 9. This ConEd legal theory may require considerable briefing unrelated to issues involved in ENIP. Conversely, the parties in ENIP will brief or try issues that do not involve ConEd, such as ENIP's recovery of damages incurred through at least 2010 based on the Government's current breach and admitted failure to begin performance prior to 2010. See, e.g., Yankee Atomic Elec. Co. v. United States, No. 98-126C, 2004 WL 1535688, at *2, *3 (Fed. Cl., June 28, 2004). ENIP and ConEd would be prejudiced by expending time, money, and other resources researching, briefing, and trying irrelevant issues to each party's case.

The Court can best conserve judicial resources by following a similar path as that followed in the related cases of Boston Edison Co. v. United States, No. 99-447C ("BECO") and

Entergy Nuclear Generation Co. v. United States, No. 03-2626 ("ENGC"). The Court has delayed ruling on the consolidation question in those two cases and allowed BECO and ENGC to progress with issues novel to each case. See Mar. 18, 2004 Status Conference Transcript at 4, Entergy Nuclear Generation Co. v. United States, No. 03-2626C (Lettow, J.) ("We also have the question of consolidation, and I think I've indicated the Court was inclined to put that matter of[f], at least for a time, until it's possible to tell how the Boston Edison case will develop, and whether indeed they are on a comparable track.") (Exhibit 1). A similar parallel track in ENIP and ConEd before a single Judge will allow these cases to progress efficiently and will conserve judicial resources. To the extent there is overlap in the issues involved in these two cases in the future, a single Judge will be in a position to coordinate the two cases and, if necessary, at some future point in time consolidate them for discrete proceedings (such as the apportionment of damages). In this regard, the Court's case management and electronic case filing ("CM/ECF") system allows the parties full access to all filings in each case. (Counsel for ENIP already receives notification of all filings in ConEd and, upon information and belief, the reciprocal is also true.) Thus, both the Court and counsel will be able to monitor these cases without the total disruption of each case that consolidation would cause. The potential ills alleged by the Government can be cured simply by transfer of one of these cases such that both ENIP and ConEd are before a single Judge, if the Court is so inclined.

## III. CONCLUSION

For the foregoing reasons, ENIP does not object to the Government's motion to transfer, but respectfully requests this Court to deny the Government's motion to consolidate.

Dated: August 23, 2004

Respectfully submitted,

s/Alex D. Tomaszczuk by s/Daniel S. Herzfeld
Alex D. Tomaszczuk
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, Virginia 22102
(703) 770-7940
(703) 770-7901 (fax)

Counsel of Record for Plaintiff
Entergy Nuclear Indian Point 2, LLC

Of Counsel:

Jay E. Silberg
Devon E. Hewitt
Michael G. Lepre
Daniel S. Herzfeld
Jack Y. Chu
**SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington, D.C. 20037
(202) 663-8000
(202) 663-8007 (fax)