**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
(Electronically Filed on May 23, 2005)

| | | |
|---|---|---|
| **ENTERGY NUCLEAR INDIAN POINT 2, LLC,** | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 03-2622C |
| | ) | (Judge Lettow) |
| **THE UNITED STATES,** | ) | |
| Defendant. | ) | |

**JOINT STATUS REPORT**

Pursuant to the Court's March 9, 2005 Opinion and Order, Plaintiff Entergy Nuclear Indian Point 2, LLC ("ENIP") and Defendant (the "Government") respectfully submit this joint status report "setting forth a plan for completion of discovery and a proposed schedule for further proceedings in this case, addressing the requirements of RCFC Appendix A ¶¶ 5 and 12 (final sentence)."

**PLAINTIFF'S POSITION**

ENIP is prepared to proceed expeditiously with fact and expert discovery in this case. However, ENIP disagrees with the Government's position that a detailed damages claim with invoices from a plaintiff, prior to discovery, is necessary (or even required under this Court's rules). For example, RCFC 26(a)(1) simply mandates that a plaintiff disclose, *inter alia*, the identity of individuals "likely to have discoverable information" supporting a damages claim and "a computation of any category of damages claimed." ENIP can provide these initial disclosures by the end of 2005, as the information will be more than sufficient for the Government to prepare

for fact and expert discovery in 2006.[1] ENIP is also willing to consider submitting its expert reports on the due date proposed by the Government (February 1, 2006), to provide the Government with additional time to take any necessary depositions and to review documents produced in support of ENIP's damages claim. If necessary, ENIP may even be willing to commence trial at a later date should the Government require more time to analyze ENIP's damages claim. In any event, as detailed below, ENIP's proposal for further proceedings is not only consistent with this Court's rules but also addresses the Government's concerns about having an adequate "knowledge of the scope and amount of ENIP's anticipated damages claim."

Lastly, ENIP continues to oppose consolidation of this case with Consolidated Edison Co. of New York v. United States, No. 04-0033C ("Con Ed"). As the Court explained in its November 4, 2004 Order, 62 Fed. Cl. 798 (2004), the divergent procedural postures of the two cases is a strong factor weighing against consolidation. The underlying facts have not changed in the past several months, as the instant case remains much further advanced procedurally than Con Ed.

Hence, based on the foregoing, ENIP proposes the following schedule for further proceedings in this case:

| | |
|---|---|
| May 1, 2006 | ENIP's deadline for the submission of any expert reports |
| August 1, 2006 | The Government's deadline for the submission of any expert reports |
| September 1, 2006 | Deadline for the submission of any expert rebuttal reports |

[1] While it is true that this Court has ordered the utility plaintiffs in Northern States Power Co. v. United States (No. 98-484C) and Duke Power v. United States (No. 98-485C) to provide the Government with a detailed damages claim, such a procedure has been the exception in the spent fuel damages cases rather than the rule. E.g., Indiana Michigan Power Co. v. United States (No. 98-486C); Omaha Pub. Power Dist. v. United States (No. 01-115C); Tenn. Valley Auth. v. United States (No. 01-249C); S. Carolina Elec. & Gas Co. v. United States (No. 04-101C).

| | |
|---|---|
| December 1, 2006 | Deadline for the completion of fact discovery and expert discovery, including all depositions |
| January 29, 2007 | Deadline for the meeting of counsel to satisfy the requirements of RCFC Appendix A ¶ 13, including the exchange of exhibit and witness lists |
| February 9, 2007 | ENIP's deadline to file its Memorandum of Contentions of Law and Fact ("Memorandum") |
| March 5, 2007 | The Government's deadline to file its Memorandum and response to any evidentiary motions contained in ENIP's Memorandum |
| March 23, 2007 | ENIP's deadline to file its response to any evidentiary motions contained in the Government's Memorandum |
| April 6, 2007 | Pretrial conference |
| April 16, 2007 | Commencement of two-week damages trial |

**DEFENDANT'S POSITION**

Defendant continues to believe that this case, and other spent nuclear fuel ("SNF") cases pending before this Court, should be stayed until the "lead" SNF cases have proceeded to the point that substantive and definitive guidance regarding the appropriate resolution of a variety of legal issues in the cases has been obtained. It is anticipated that such a stay would greatly streamline both discovery and trial time in the remaining SNF cases.

Additionally, defendant continues to believe that, pursuant to RCFC 42(a), the Court should consolidate this case with Consolidated Edison Company of New York, No. 04-0033C (Fed. Cl.), because both cases involve the assignor and assignee of the same contract with the Department of Energy ("DOE"), and both are currently pending before the same judge. Consolidation will promote the efficient administration of justice and prevent the potential for inconsistent rulings between the two cases.

ENIP's and ConEd's cases share common issues of fact and law. Indeed, these two cases involve the very same contract, the same nuclear power facility, and the same alleged breach of contract. The primary issue that the Government will have to litigate in both of these cases is whether ENIP has already been compensated for the costs of extended SNF storage that it now seeks in its complaint to this Court or, alternatively, whether ConEd's claims of a diminished sales price are meritless. Under these circumstances, "[j]oining the claims . . . preserves the policies of the Anti-Assignment Acts by avoiding potential double recovery and preserving the government's defenses against [both ConEd and ENIP]." Rochester Gas & Elec. Co. v. United States, No. 04-118C, slip op. at 15 (Fed. Cl. May 12, 2005).[2]

If the Court will not suspend activity in this case, we do not currently have a basis for agreeing or disagreeing in principle with the majority of the schedule that ENIP has proposed above, given that we do not have any information about the damages that ENIP will be claiming in this litigation, the scope or complexity of those damages, or the amount of discovery that will be necessary to respond to those damages claims. Nevertheless, even without any information about the damages that ENIP will be claiming in this litigation, we must object to at least one major omission from ENIP's proposed schedule or, alternatively, to the scheduling of ENIP's disclosure of its expert reports.

[2] Although ENIP has asserted in its portion of this status report that its case is "much further advanced procedurally than ConEd," the only procedural distinction of which we are aware is that the Court has ruled on the summary judgment motion in this case, but has not yet done so in ConEd. No discovery has been taken in either case. No deadlines have yet been scheduled in either case. We presume that this Court will soon issue its decision on the pending motion in ConEd, placing these two cases in identical procedural postures. Further, given ENIP does not intend under its current proposal to provide the Government with its initial disclosures until "the end of 2005," ample time exists in which the procedural postures on these two cases can be parallel.

Under ENIP's proposal, ENIP will take almost one year before it provides the Government with any detailed disclosure of the damages that it will pursue in this litigation, which will be included in the expert reports that it intends to disclose on May 1, 2006. Although ENIP needs almost a year to assemble a detailed damages claim, ENIP anticipates that the Government should need no more than three months to audit the entirety of that damages claim and prepare its own expert reports responding to it. ENIP should need no discovery from the Government to determine its damages, as information supporting its own damages claim should be exclusively within ENIP's possession, yet it needs almost a year to prepare. Conversely, the Government has no information about ENIP's proposed damages and will have to take extensive discovery from ENIP once those claims are disclosed, yet ENIP proposes to limit the Government to three months of discovery after the detailed damages are disclosed. We must object to disparity that ENIP's proposed schedule creates in the amount of time that each party has to develop its expert reports. Further, the Court has already scheduled three separate trials in other spent nuclear fuel cases between May 1 and August 1, 2006, the dates during which ENIP proposes that defendant should conduct the entirety of its analysis in response to ENIP's May 1, 2005 expert reports, including trials in Pacific Gas & Electric Co. v. United States, Nos. 04-74C & 75C (to begin June 5, 2006, before Judge Hewitt), in Omaha Public Power District v. United States, No. 01-115C (to begin July 10, 2006, before Judge Braden), and in Wisconsin Electric Power Co. v. United States, No. 00-697C (to begin July 14, 2006, before Senior Judge Merow). Again, the schedule that ENIP has proposed for the disclosure of its own damages claims and the Government's development of a response to those claims would be highly prejudicial to the Government.

To reduce this disparity, we propose that ENIP be required to provide the Government, early in the discovery process, with a detailed claim of all of the damages that it will seek in this litigation, subject to modification only for good cause shown. To date, ENIP has not identified to the Government the damages that it anticipates seeking in this case. Because we lack knowledge of the scope and amount of ENIP's anticipated damages claim, it is extremely difficult for us to predict the amount of time that will be necessary to audit, analyze, and take discovery upon that claim. In two cases pending before Judge Wiese, Northern States Power Co. v. United States, No. 98-484C (Fed. Cl.), and Duke Power v. United States, No. 98-485C (Fed. Cl.), Judge Wiese has ordered the two plaintiffs in those cases to begin the discovery process by providing the Government with a detailed claim, with supporting documentation, that plainly and clearly discloses to the Government all of the damages that those two plaintiffs will be seeking in their respective cases.[3]

Without a detailed identification of the damages numbers that the plaintiff will claim and identification of the specific support in audit workpapers or company accounting records for those claimed dollars, we will be unable to conduct a focused audit of the plaintiff's claim prior to receipt of its expert reports on May 1, 2006. If we do not obtain such information at the outset of discovery, we will have no choice but to conduct a broad financial analysis and audit, much of which likely will become unnecessary when the actual detailed claim (through the expert reports) is produced. To eliminate needless work and expense to identify the damages that ENIP will be seeking in this litigation and the cost support for those damages, we respectfully request that, if

[3] Similarly, in Sacramento Municipal Utility District v. United States, No. 98-488C (Braden, J.); Yankee Atomic Elec. Co. v. United States, No, 98-126C (Merow, S.J.); Connecticut Yankee Atomic Power Co. v. United States, No, 98-154C (Merow, S.J.); and Maine Yankee Atomic Power Co. v. United States, 98-474C (Merow, S.J.), the Government received the plaintiffs' detailed preliminary damages claims well in advance of the plaintiffs' expert reports.

the Court adopts ENIP's proposed schedule, ENIP be required to provide the Government, no later than January 15, 2006, with a detailed damages claim, identifying all of the damages that ENIP will be seeking in this litigation and any documentary support (for example, invoices) for those claimed costs. To the extent that the Court does not order disclosure of a detailed damages claim prior to ENIP's production of its expert reports, we request that the Court modify ENIP's proposed schedule to require production of its expert reports by February 1, 2006.[4]

[4] Further, in accordance with the final sentence in paragraph 12 of Appendix A, defendant requests that the trial of this case be conducted in Washington, D.C.

Dated: May 23, 2005

Respectfully submitted,

s/ Alex D. Tomaszczuk by s/ Jack Y. Chu
Alex D. Tomaszczuk
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, Virginia 22102-4859
(703) 770-7940
(703) 770-7901 (fax)
Counsel of Record for Plaintiff
Entergy Nuclear Indian Point 2, LLC

Of Counsel:

Jay E. Silberg
Daniel S. Herzfeld
Jack Y. Chu
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington, D.C. 20037-1128
(202) 663-8000
(202) 663-8007 (fax)

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr. by s/ Jack Y. Chu
HAROLD D. LESTER, JR.
Assistant Director

s/ Joshua E. Gardner by s/ Jack Y. Chu
JOSHUA E. GARDNER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 305-7583
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:
JANE K. TAYLOR
MARTHA S. CROSLAND
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585