NO. 04-0033C
(Judge Lettow)

IN THE UNITED STATES COURT OF THE FEDERAL CLAIMS

CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

# DEFENDANT'S REPLY TO CONSOLIDATED EDISON COMPANY OF NEW YORK'S AND ENTERGY NUCLEAR INDIAN POINT 2'S OPPOSITION TO DEFENDANT'S RENEWED MOTION TO CONSOLIDATE OR, IN THE ALTERNATIVE, FOR ISSUANCE OF A SUMMONS PURSUANT TO RCFC 14(a) AND NOTICE PURSUANT TO RCFC 14(b)

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

HAROLD D. LESTER, JR.
Assistant Director

JOSHUA E. GARDNER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street N.W.
Washington, DC 20530
Tele: (202) 305-7583
Fax: (202) 307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

November 2, 2005

Attorneys for Defendant

# TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . . . . . . ii

DISCUSSION . . . . . . . . . . . . 2

I. DESPITE THEIR BEST EFFORTS, CON ED AND ENIP HAVE FAILED TO ELIMINATE THE DUPLICATIVE AND INTERTWINED NATURE OF THEIR DAMAGES CLAIMS . . . . . . . . . . . . 2

II. CON ED AND ENIP ARE IN SUBSTANTIALLY SIMILAR PROCEDURAL POSTURES . . . . . . . . . . . . 5

III. THIS COURT'S PREVIOUS DENIAL OF THE GOVERNMENT'S REQUEST TO CONSOLIDATE ALL THEN-PENDING SNF CASES IS IRRELEVANT TO ITS REQUEST TO CONSOLIDATE TWO CASES INVOLVING THE SAME SINGLE CONTRACT . . . . . . . . . . . . 6

IV. ENIP AND CON ED HAVE NOT IDENTIFIED ANY BASIS FOR PRECLUDING ACTION UNDER RCFC 14(b) AND 41 U.S.C. § 114(b) . . . . . 8

# TABLE OF AUTHORITIES

## CASES

Boston Edison Company v. United States,
67 Fed. Cl. 63 (2005) .................... 5

General Casualty Co. of Am. v. United States,
130 Ct. Cl. 520, 127 F. Supp. 805, cert. denied, 349 U.S. 938 (1955) .................... 7

Indiana Michigan Power Co. v. United States,
422 F.3d 1369 (Fed. Cir. 2005) .................... 4, 6

Indiana Michigan Power Company v. United States,
60 Fed. Cl. 639, aff'd, 422 F.3d 1369 (Fed. Cir. 2005) .................... 6

Modern Industrial Bank v. United States,
101 Ct. Cl. 808 (1944) .................... 7

National City Bank of Evansville v. United States,
143 Ct. Cl. 154, 163 F. Supp. 846 (1958) .................... 7

Penda Corp. v. United States,
44 F.3d 967 (Fed. Cir. 1994) .................... 10, 11

Philadelphia Suburban Corp. v. United States,
211 Ct. Cl. 354 (1976) .................... 9

Rochester Gas & Elec. Co. v. United States,
65 Fed. Cl. 431 (2005) .................... 3

Smith v. Tobacco By-Products & Chemical Corp.,
243 F.2d 188 (C.C.P.A. 1957) .................... 7

Southern California Edison Co. v. United States,
226 F.3d 1349 (Fed. Cir. 2000) .................... 9

United States v. Texas,
507 U.S. 529 (1993) .................... 11

Uram v. United States,
216 Ct. Cl 418 (1978) .................... 9

## STATUTES

**United States Codes**

41 U.S.C. § 114(b) .......................................................................................................... passim

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. Plaintiff, | ) | |
| v. | ) | No. 04-0033C (Judge Lettow) |
| UNITED STATES OF AMERICA, Defendant. | ) | |

DEFENDANT'S REPLY TO CONSOLIDATED EDISON COMPANY OF NEW YORK'S AND ENTERGY NUCLEAR INDIAN POINT 2'S OPPOSITION TO DEFENDANT'S RENEWED MOTION TO CONSOLIDATE OR, IN THE ALTERNATIVE, FOR ISSUANCE OF A SUMMONS PURSUANT TO RCFC 14(a) AND NOTICE PURSUANT TO RCFC 14(b)

Defendant, the United States, respectfully submits this reply to the separate responses that Consolidated Edison Company of New York ("ConEd") and Entergy Nuclear Indian Point 2 ("ENIP") filed to defendant's September 23, 2005 motion to consolidate two cases, Consolidated Edison Company of New York v. United States, No. 04-0033C (Fed. Cl.), and Entergy Nuclear Indian Point 2 v. United States, No. 03-2622C (Fed. Cl.). As we explained in our motion to consolidate, both of these cases involve the assignor and assignee of the same contract with the Department of Energy ("DOE") and are currently pending before the same judge. Consolidation will promote the efficient administration of justice and prevent the potential for inconsistent rulings between the two cases.[1] To the extent that the Court declines to consolidate the ConEd and ENIP cases, we respectfully request that the Court issue binding notice pursuant to RCFC 14(b) and the Contract Settlement Act, 41 U.S.C. § 114(b), to ENIP in ConEd and to ConEd in ENIP.

[1] The Government is filing this reply brief in both the ConEd and ENIP cases.

## DISCUSSION

### I. DESPITE THEIR BEST EFFORTS, CON ED AND ENIP HAVE FAILED TO ELIMINATE THE DUPLICATIVE AND INTERTWINED NATURE OF THEIR DAMAGES CLAIMS

In opposition to the Government's motion to consolidate, ENIP asserts that its case and ConEd's case seek "[n]on-[o]verlapping [d]amages [b]ased [o]n [d]ifferent [t]imeframes." ENIP Resp. 4.[2] Similarly, ConEd alleges that "the shared facts are uncontested and merely incidental to the entirely different – and separate – damages claims that will predominate in Con Edison and ENIP." ConEd Resp. 5. Yet, as ConEd's complaint makes clear, the primary issue that the Government will have to litigate in both of these cases is whether ENIP has already been compensated for the costs of extended spent nuclear fuel ("SNF") storage that it now seeks in its complaint to this Court or, alternatively, whether ConEd's claims of a diminished sales price are meritless. ConEd alleges in its complaint that ENIP "drastically . . . reduce[d] [its] price" for the Indian Point facilities "to account for the increased risk associated with DOE's failure to perform, the attendant uncertain life expectancy of Indian Point as a viable nuclear electric generating facility, and the capital expenses associated with storing SNF at Indian Point indefinitely." ConEd Compl. ¶ 6. Specifically, ConEd identified those costs that ENIP allegedly recouped through a reduced purchase price:

> On information and belief, Entergy factored into its valuation and reduced the price for Indian Point to reflect all known and

---

[2] "ENIP Resp. __" refers to ENIP's response to the Government's motion to consolidate, which ENIP filed on October 21, 2005. "ConEd Resp. __" refers to ConEd's October 21, 2005 response to that motion. "ConEd Compl. ¶ __" refers to ConEd's complaint in Docket No. 04-0033C (Fed. Cl.).

> anticipated additional expenses associated with on-site storage of SNF and future Nuclear Waste Fund fees announced by DOE in the 1998 DOE Plan

ConEd Compl. ¶ 75.

Accordingly, ConEd alleges that ENIP, as part of its purchase price, has already compensated itself for the capital expenses for which ENIP, in its own complaint, is now seeking reimbursement from the Government. Neither ConEd nor ENIP explains in its opposition to the Government's motion to consolidate any basis upon which the United States should be obligated to pay both ConEd's claim and ENIPs claim, both of which are premised upon the same capital expenses.[3] To the contrary, "[j]oining the claims . . . preserves the policies of the Anti-Assignment Acts by avoiding potential double recovery and preserving the government's defenses against [both ConEd and ENIP]." Rochester Gas & Elec. Co. v. United States, 65 Fed. Cl. 431, 443 (2005).

Both ENIP and ConEd also appear to contend that ConEd's claim for damages are "fixed," because they are based on past events, while ENIP's claim for damages relate to "forward-looking costs associated with DOE's ongoing breach." ConEd Resp. 11; ENIP Resp. 6. Indeed, ConEd claims that ENIP's cost of storage "as a practical matter cannot be completely

---

3/ ENIP asserts that "the fact that ENIP currently operates Indian Point with the same prospective risks that ConEd faced hardly constitutes 'compensation' (as the Government uses the term) for the Government's breach of the Standard Contract, regardless of the price that ENIP paid for the plant." ENIP Resp. 7. ENIP is complaining only that it disagrees with the legal theory upon which ConEd is seeking to recover damages. As evidenced by the Government's motion to dismiss ConEd's diminished value claim, we agree that ConEd's claim lacks merit. However, in its decision dated August 24, 2005, the Court ordered that ConEd would be permitted to pursue that claim. Accordingly, regardless of ENIP's views regarding the merits of ConEd's claim, ENIP's assertions are irrelevant to whether ConEd's legal theory implicates ENIP's recovery and the duplicative nature of ConEd's and ENIP's damages claims.

resolved until DOE actually commences performance." ConEd Resp. 11. However, the United States Court of Appeals for the Federal Circuit has unequivocally rejected the notion that plaintiffs in SNF cases may recover future damages, and, indeed, plaintiffs are limited to damages in these particular suits as of the date that they filed their complaints. Indiana Michigan Power Co. v. United States, 422 F.3d 1369, 1376-77 (Fed. Cir. 2005) (holding that "[b]ecause its claim is premised upon the government's partial breach, its damages were limited to those costs incurred prior to the date of its suit.").[4] To the extent either ConEd or ENIP can demonstrate damages, such damages will be limited to damages that they have already incurred. Consequently, ConEd and ENIP's attempt to distinguish their cases based upon fixed versus future damages should be rejected.

ENIP also complains that consolidation of its case with ConEd's case "would unnecessarily increase ENIP's litigation costs by requiring its participation in a trial (i.e., ConEd's) on issues that are irrelevant to its damages." ENIP Resp. 8. However, by necessity, ENIP will have to be involved in any trial relating to ConEd's diminished value claim. As evidenced by the portions of ConEd's complaint identified above, ConEd's diminished value claim is wholly dependent upon whether ENIP reduced the amount of money that it paid for ConEd's facility and contract because of DOE's partial breach. Only ENIP witnesses can know

---

[4] On October 24, 2005, the utility plaintiff in Indiana Michigan filed a petition for panel rehearing on the narrow issue of whether past damages are limited to the date of the filing of the complaint, or at some other date prior to trial. Regardless of the Federal Circuit's resolution of this issue, both ENIP and ConEd's damages will necessarily be limited to costs that have already been incurred.

the reasons that ENIP paid the amount of money that it paid for ConEd's facility. ENIP's desire to extract itself completely from ConEd's diminished value claim is simply impossible.[5]

II. CON ED AND ENIP ARE IN SUBSTANTIALLY SIMILAR PROCEDURAL POSTURES

ConEd and ENIP next contend that their cases are not in the same procedural posture because the Court has issued a liability order in ENIP but has entered no such order in ConEd. ENIP Mot. at 2-3; ConEd Mot. at 12-13. This purported distinction makes no difference for purposes of consolidation.

First, ConEd and ENIP fail to mention in their responses that they are in the identical procedural posture as the plaintiffs in Boston Edison Company v. United States, No. 99-447C (Fed. Cl.), and Entergy Nuclear Generation Co v. United States, No. 03-2626C (Fed. Cl.) ("ENGC"), cases that this Court recently consolidated for limited purposes. See Boston Edison Company v. United States, 67 Fed. Cl. 63, 65 (2005) (noting that the Court previously had entered a liability order for ENGC and denied a liability order for Boston Edison). ConEd and ENIP do not mention, much less distinguish, the procedural postures of the Boston Edison and ENGC cases in contending that ConEd and ENIP are in different procedural postures.[6]

---

5/ Further, for the reasons specified in our motion, the Government will be severely prejudiced if these two cases are not consolidated. Neither ConEd nor ENIP addresses the prejudice to the Government if the Court does not consolidate these cases.

6/ ConEd asserts that even the limited consolidation that this Court recently ordered in Boston Edison "is unwarranted here given the lack of 'undeniably common' issues between Con Edison and ENIP . . . ." ConEd Resp. 7. This argument is without merit. Indeed, the complaints filed by Boston Edison and ConEd are virtually identical, as are the complaints filed by ENGC and ENIP. Consequently, ConEd and ENIP have the identical common issues that this Court found to exist in the Boston Edison and ENGC cases.

Second, as other SNF cases have demonstrated, the entry of an order of liability in spent fuel cases is largely academic for purposes of establishing damages or pursuing damages discovery. For example, in Indiana Michigan Power Company v. United States, 60 Fed. Cl. 639, aff'd, 422 F.3d 1369 (Fed. Cir. 2005), the Court entered a liability ruling in favor of the plaintiff, but then concluded plaintiff was not entitled to any damages. The entry of an order of liability in Indiana Michigan did little, if anything, to advance the case forward procedurally. In Sacramento Municipal Utility District v. United States, No. 98-488 (Fed. Cl.), the Court entered a liability order towards the end of damages discovery. Obviously, the determination of liability in SMUD did not prevent the parties from engaging in discovery on that plaintiff's damages claim. Consequently, ConEd and ENIP share virtually identical procedural postures, further warranting the consolidation of these cases.

## III. THIS COURT'S PREVIOUS DENIAL OF THE GOVERNMENT'S REQUEST TO CONSOLIDATE ALL THEN-PENDING SNF CASES IS IRRELEVANT TO ITS REQUEST TO CONSOLIDATE TWO CASES INVOLVING THE SAME SINGLE CONTRACT

ENIP and ConEd next claim that the reasons which the Government has proffered in support of consolidation are not unique to this case, but merely repeat the same arguments that it has unsuccessfully presented in its prior efforts to consolidate all of the SNF cases. ENIP Resp. 9-11; ConEd Resp. 6. This contention misses the point.

ConEd and ENIP are correct that, in prior proceedings, the Government unsuccessfully requested that the Court consolidate all of the SNF cases then pending before the Court. Yet, in responding to the current consolidation motion, the plaintiffs ignore that the pending motion deals only with a request to consolidate two cases that deal with the purported assignment of the

same precise Standard Contract and the same facility. "It is well-established that an assignee stands in the shoes of the assignor, and that by assignment the assignee could acquire no greater rights than its assignor." National City Bank of Evansville v. United States, 143 Ct. Cl. 154, 163, 163 F. Supp. 846, 852 (1958). See, e.g., Smith v. Tobacco By-Products & Chemical Corp., 243 F.2d 188, 191 (C.C.P.A. 1957); General Casualty Co. of Am. v. United States, 130 Ct. Cl. 520, 526, 127 F. Supp. 805, 808, cert. denied, 349 U.S. 938 (1955); Modern Industrial Bank v. United States, 101 Ct. Cl. 808, 820 (1944). Accordingly, ENIP and ConEd cannot have different rights and obligations, or different contract terms and requirements, when any rights and obligations were created through the same contract. Given that only one contract is at issue in both ConEd's and ENIP's cases, the terms of that single contract must be interpreted and applied identically.

Further, ConEd contends that the determination of the rate of SNF acceptance "will have no application" to its case, while ENIP concedes that the determination of the rate of acceptance "would affect ENIP's damages to some extent." ConEd Resp. 13; ENIP Resp. 9. This contention completely overlooks the fact that one of ConEd's three damages theories is pre-assignment storage costs. ConEd Resp. 9. To prove this contention, however, ConEd must establish that DOE was obligated to accept its SNF at a rate that would have been sufficient to prevent its alleged additional storage needs. Simply put, absent the determination of the proper rate of acceptance, ConEd cannot establish this aspect of its damages claim, and the issue of DOE's acceptance rate is plainly at issue in both the ConEd and ENIP cases.[7]

---

7/ Similarly, contrary to ENIP and ConEd's contention, the issue of Greater-Than-Class-C low-level radioactive waste ("GTCC") is squarely at issue in both cases. Regardless of whether ENIP or ConEd is claiming the cost of storing GTCC waste, to the extent this Court concludes that GTCC waste is covered by the Standard Contract, that would affect the overall acceptance queue. DOE's waste acceptance schedules do not include the acceptance of GTCC waste. If this

Although ENIP claims that it may not be necessary to decide the SNF acceptance rate issue in ConEd's case, ENIP does not explain the manner in which the Court could decide the amount by which ENIP reduced its purchase price to compensate itself for extended storage costs resulting from DOE's delay unless, as a precursor to that determination, the Court determined what anticipated costs were actually incremental to any delay. To make that determination, the Court will have to identify what DOE's obligations to accept SNF from ConEd were, including when DOE was obligated to accept specific ConEd SNF and what incremental costs that would not be anticipated absent DOE's delay would be created because of the delay. Without making that determination, the Court would have no basis upon which to make any kind of determination regarding the anticipated extended storage costs that ENIP would expect to pay upon purchasing the ConEd facility. Further, without identifying those costs, the Court could not begin to analyze whether, and the amount by which, ENIP reduced its purchase price for the ConEd facility. ENIP's assertions that the Court can simply estimate ConEd's diminished value without conducting any in-depth analysis of ConEd's contract or anticipated activities in the "but for" world are wholly unsupported.

## IV. ENIP AND CON ED HAVE NOT IDENTIFIED ANY BASIS FOR PRECLUDING ACTION UNDER RCFC 14(b) AND 41 U.S.C. § 114(b)

The Government's request for issuance of notice under RCFC 14(b) and 41 U.S.C. § 114(b) is appropriate. In fact, ENIP does not even address the Government's request for

---

Court concludes that GTCC waste is covered by the Standard Contract, however, DOE's waste acceptance schedules would have to be revised to incorporate GTCC waste, which would affect the overall waste acceptance queue generally, and ENIP and ConEd's acceptance rights specifically.

issuance of notice under RCFC 14(b), as permitted by 41 U.S.C. § 114(b).[8] Under 41 U.S.C. § 114(b), the Court may notify any party having a possible interest in any pending suit or proceeding to appear and assert or defend its interests.[9] Should a notified party fail to appear, "any and all claims or interests in claims of any such person against the United States, in respect to the subject matter of such suit or proceeding, shall forever be barred." 41 U.S.C. § 114(b). Notice is appropriate where third parties "hav[e] possible interests [in] any suit or proceeding of any nature." 41 U.S.C. § 114(b). "The rationale behind the issuance of a notice is the prevention of numerous proceedings and determinations on an identical set of facts." Philadelphia Suburban Corp. v. United States, 211 Ct. Cl. 354, 355 (1976). "Thus it is in furtherance of the conservation of judicial time and effort that the [Court] determines that notice shall issue where interest is apparent." Id. "Should a noticed person decline to appear . . . he cannot be forced so to do, though he may nevertheless be bound, in a later suit in another court, by certain determinations of this court." Uram v. United States, 216 Ct. Cl 418, 420 (1978).

---

8/ In its opposition, ENIP addresses the Government's request for issuance of a summons under RCFC 14(a), but does not explain its opposition to the Government's request for notice pursuant to RCFC 14(b). See ENIP Resp. 11-14. Because it is unclear whether, under Southern California Edison Co. v. United States, 226 F.3d 1349 (Fed. Cir. 2000), ENIPs filing of its complaint in this Court would permit the United States to invoke RCFC 14(a)'s rule regarding a summons relating to a contingent claim, and because consolidation of ConEd's and ENIP's cases is the simplest method of eliminating the possibility of duplicative recoveries by ConEd and ENIP, we will not pursue our request for issuance of a summons under RCFC 14(a) at this time. However, to the extent that the Court denies consolidation of these two cases, we reserve our right to renew this request. Further, to the extent that the cases are not consolidated, the Court should issue notice in the ConEd case to ENIP and the ENIP case to ConEd pursuant to RCFC 14(b).

9/ To the extent that ENIP asserts that section 114(b) only applies to "erroneously paid" parties, ENIP Resp. 12, section 114(b) refers to the Government's right to request notice to those with "interests" in others' claims, not merely those to whom the United States has made erroneous payments. See 41 U.S.C. § 114(b).

ENIP asserts that it would not be "bound by any adverse judgment" in ConEd because it "could not actually appeal such a judgment," citing Penda Corp. v. United States, 44 F.3d 967 (Fed. Cir. 1994). ENIP Resp. 13. ENIP has misinterpreted Penda. In that case, a nominal third-party defendant – Cadillac Inc. – attempted to appeal a judgment from this Court that found that the United States used Penda's patented invention without a license or lawful right. Penda, 44 F.3d at 968. Cadillac was the Government's indemnitor and had received notice of the action following the Government's request pursuant to RCFC 14(a)(1). Id. Although Cadillac joined the action as a third-party defendant, id. at 969, the Federal Circuit dismissed Cadillac's appeal for lack of standing. Id. at 973. The Government, against whom a judgment was issued, did not appeal the lower court's ruling. Id. at 969. The lower court did not issue a judgment against Cadillac. Id. at 970.[10] The Federal Circuit determined that Cadillac lacked standing to appeal a judgment that had not issued against it, despite the fact that it was a third-party defendant in the case. Id. at 971.

One of Cadillac's arguments as to why it had standing to appeal was based upon the possibility that the Government or Penda would attempt to assert issue preclusion against Cadillac in a subsequent proceeding. Id. at 972. The Federal Circuit rejected that argument. First, the Federal Circuit held that the Government could not assert issue preclusion against Cadillac because Cadillac and the Government were not adversarial parties before this Court. Id. at 972. Second, the Court found that Penda could not assert issue preclusion against Cadillac because Cadillac was only a nominal defendant, and the litigation concerned an obligation other

---

[10]/ This Court lacked jurisdiction to determine Cadillac's contractual obligations to indemnify the Government. Id.

than Cadillac's. Id. Last, neither the Government nor Penda could assert issue preclusion against Cadillac because Cadillac could not obtain review of the judgment because it lacked standing, and issue preclusion cannot be asserted against a party which lacks a right to appeal the judgment. Id. at 973.

The Penda case is entirely distinguishable from the cases before this Court. First, Penda does not stand for the proposition that ENIP appears to suggest – namely, that notice pursuant to RCFC 14 cannot bind third parties. The Federal Circuit did not determine that RCFC 14 notice recipients can never be bound. In Penda, the issue was a third party defendant's standing to maintain an appeal, absent the United States. Penda makes no mention of the ability of a court to issue binding notice to non-parties pursuant to 41 U.S.C. § 114(b) and RCFC 14. Penda focuses on completely different issues.

Second, and importantly, should a noticed entity not appear, the Government would have no need to rely upon the common law doctrine of issue preclusion to bar future litigation by that entity. Rather, the Government would rely upon the statutory rights granted it under 41 U.S.C. § 114(b). To the extent that section 114(b) conflicts with the common law doctrine of issue preclusion, the statute's language should supercede the common law. "Statutes which invade the common law . . . are to be read with a presumption favoring retention of long-established and familiar principles, except when a statutory purpose to the contrary is evident." United States v. Texas, 507 U.S. 529, 534 (1993). Section 114(b) evidences a clear intent to bind non-parties irrespective of their ability to appeal a judgment, or any other prerequisite for common law issue preclusion to apply. The Government wishes to enforce its statutory, not common law, right to prevent future litigation by a non-plaintiff utility which receives notice of this litigation but

chooses not to appear. Accordingly, to the extent that the Court declines to consolidate the ENIP and ConEd cases, it should provide notice in ConEd to ENIP and provide notice in ENIP to ConEd under RCFC 14(b) and 41 U.S.C. § 114(b).

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr
HAROLD D. LESTER, JR.
Assistant Director

s/Joshua E. Gardner
JOSHUA E. GARDNER
Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-7583
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

November 02, 2005

CERTIFICATE OF FILING

I hereby certify that on November 2, 2005, a copy of the foregoing "DEFENDANT'S REPLY TO CONSOLIDATED EDISON COMPANY OF NEW YORK'S AND ENTERGY NUCLEAR INDIAN POINT 2'S RESPONSES TO DEFENDANT'S RENEWED MOTION TO CONSOLIDATE OR, IN THE ALTERNATIVE, FOR ISSUANCE OF A SUMMONS PURSUANT TO RCFC 14(a) AND NOTICE PURSUANT TO RCFC 14(b)" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Harold D. Lester, Jr.