**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
(Electronically Filed on January 19, 2006)

| | |
|---|---|
| **ENTERGY NUCLEAR INDIAN POINT 2, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**THE UNITED STATES,**<br><br>Defendant. | No. 03-2622C<br>(Judge Wheeler) |

**JOINT STATUS REPORT**

Pursuant to the Court's January 5, 2006 Order, Plaintiff Entergy Nuclear Indian Point 2, LLC ("ENIP") and Defendant (the "Government") respectfully submit this joint status report with a proposed schedule "for conducting future proceedings concerning, *inter alia*, the determination of damages, and establishing the date of Defendant's breach of contract."

**PLAINTIFF'S POSITION**

Plaintiff ENIP proposes the following pretrial and trial schedule for this case. This proposed schedule is preliminary in nature and subject to revision based upon further discussions of the parties (and, obviously, this Court's own views and schedule):

| Activity | Deadline |
|---|---|
| RCFC 26(a)(1) initial disclosures | June 29, 2007 |
| Service of plaintiff's expert reports | February 1, 2008 (assumes 12-31-07 cutoff date for damages) |
| Service of defendant's expert reports | July 1, 2008 |

| | |
|---|---|
| Service of plaintiff's expert rebuttal reports | July 18, 2008 |
| Completion of fact discovery and expert discovery | October 31, 2008 |
| Satisfaction of requirements in RCFC Appendix A Paragraph 13 | December 1, 2008 |
| Filing of Plaintiff's Memorandum of Contentions of Fact and Law and any evidentiary motions by plaintiff | January 15, 2009 |
| Filing of Defendant's Memorandum of Contentions of Fact and Law, response to any evidentiary motions by plaintiff, and any evidentiary motions by defendant | February 15, 2009 |
| Filing of plaintiff's response to any evidentiary motions by defendant | March 5, 2009 |
| Pre-Trial Conference (commencing at 10:00 a.m. at the National Courts Building, Washington, D.C.) | March 15, 2009 |
| Commencement of damages trial | March 25, 2009 |

ENIP continues to oppose consolidation for the reasons stated in its previously filed opposition papers and as expressed during the informal status conference held on January 5, 2006. In due course, and without acceding to the Government's interpretation of the Federal Circuit's decision in *Indiana Michigan Power Co. v. United States*, 422 F.3d 1369 (Fed. Cir. 2005), ENIP is prepared to file a motion for leave to file an amended and supplemental complaint capturing costs incurred after November 3, 2003 and up through a reasonable cut-off date (currently proposed to be December 31, 2007).

**DEFENDANT'S POSITION**

Defendant continues to believe this case, and other spent nuclear fuel ("SNF") cases pending before this Court, should be stayed until the "lead" SNF cases have proceed to the point that substantive and definitive guidance regarding the appropriate resolution of a variety of legal

issues in the cases has been obtained. It is anticipated that such a stay would greatly streamline both discovery and trial time in the remaining SNF cases.

Additionally, defendant continues to believe that, pursuant to RCFC 42(a), the Court should consolidate this case with Consolidated Edison Company of New York, No. 04-0033C (Fed. Cl.), because both cases involve the assignor and assignee of the same contract with the Department of Energy ("DOE"), and both are currently pending before the same judge. Consolidation will promote the efficient administration of justice and prevent the potential for inconsistent rulings between the two cases.

ENIP's and ConEd's cases share common issues of fact and law. Indeed, these two cases involve the very same contract, the same nuclear power facility, and the same alleged breach of contract. The primary issue that the Government will have to litigate in both of these cases is whether ENIP has already been compensated for the costs of extended SNF storage that it now seeks in its complaint to this Court or, alternatively, whether ConEd's claims of a diminished sales price are meritless. ConEd, we assume, will attempt to prove that ENIP reduced its purchase price because of the delay, effectively compensating itself for costs that it would have to incur in the future to continue to store its SNF. Assuming that ConEd establishes that point in its trial, ENIP will, we assume, attempt to prove that it did not reduce its purchase price and has not already been compensated for those extended storage costs. As a result, absent consolidation, the Government will have to defend itself in two different trials, based upon the same alleged breach of the same contract, but with directly conflicting factual theories from two different plaintiffs. Given that each plaintiff likely will focus on different evidence to try to prove their factual theories, the possibility of directly conflicting results in each case exists absent consolidation. It would be highly inequitable and prejudicial to place the Government in

the position of having to risk the possibility of duplicative recoveries by two plaintiffs on the same breach claim.

Further, there is a significant overlap in witnesses between the two cases. For example, it is axiomatic that to recover damages, both ENIP and ConEd must establish what the Government's obligations were in the non-breach world. To the extent the Court deems extrinsic evidence appropriate for determining the Government's contractual obligations, such evidence will come from ConEd's witnesses, rather than ENIP's witnesses, as ConEd was the signatory to the Standard Contract. Additionally, for ConEd to establish that ENIP reduced its purchase price as a result of the breach, ConEd will necessarily have to present the testimony of ENIP witnesses. Under these circumstances, "[j]oining the claims . . . preserves the policies of the Anti-Assignment Acts by avoiding potential double recovery and preserving the government's defenses against [both ConEd and ENIP]." Rochester Gas & Elec. Co. v. United States, 65 Fed. Cl. 431, 443 (2005).

To the extent that the Court declines to consolidate these cases for purposes of issues concerning contract formation, contract implementation, and any attendant offset of ENIP's damages claim as a result of ConEd's diminution in value claim, or otherwise determines that ENIP is not precluded from relitigating these identical issues in its case, the Government objects to the schedule proposed by ENIP. If ENIP will not be bound to the result in ConEd, ENIP's trial should be held immediately following the trial in ConEd. As discussed above, because the witnesses and evidence will be identical in these two cases, at least with respect to contract formation, contract implementation, and any offset to ENIP's damages claim, it would be entirely inefficient to try these issues once in the ConEd case, and then to try these identical issues a second time. Because ConEd is currently considering a trial date in late 2007, while

ENIP wants its trial in 2009, there could be a potential two-year gap in proceedings under their proposals.

Further, regardless of the schedule adopted by the Court in this case, we note one potential objection to ENIP's proposed schedule. In Indiana Michigan Power Co. v. United States, 422 F.3d 1369 (Fed. Cir. 2005), the United States Court of Appeals held that, in a claim for partial breach of contract, a plaintiff's damages are "limited to those costs incurred prior to the date of its suit," which the Court defined as "the time of the institution of the action." Id. at 1376-77 (citing Restatement (Second) of Judgments § 26 cmt. g (1982)). The Court explained that, "[b]ecause of its highly speculative nature, a claimant may not recover, at the time of the first suit for partial breach, prospective damages for anticipated future nonperformance resulting from the same partial breach." Id. at 1376. The Court further held that a plaintiff which alleges a partial breach of contract may recover such post-breach damages in a future suit as those damages are incurred, subject to the appropriate statute of limitations. Id. at 1377-78.

In this case, ENIP filed its complaint on November 5, 2003. Consequently, pursuant to the Federal Circuit's decision in Indian Michigan, in the absence of ENIP filing leave with the Court to file an amended or supplemental complaint in accordance with RCFC 15(d), ENIP's damages are necessarily limited to those incurred through November 5, 2003. Should ENIP decide to file a motion for leave to file a supplemental complaint, the Government will evaluate such a motion and respond accordingly.[1]

[1] In other SNF cases where the plaintiff has sought leave to file a supplemental complaint, the Government has not opposed such a motion where the Government would not be prejudiced by such supplementation and there has been no possible statute of limitations problem. See, e.g., Southern Nuclear Operating Co. v. United States, No.98-614C (Merow, S.J.) (Government did not oppose plaintiff's supplemental complaint where plaintiff only sought to recover incurred costs and documentation supporting such costs were provided to the Government during discovery); Systems Fuels, Inc. v. United States, No. 03-2624C (Braden, J.)

Dated: January 19, 2006

Respectfully submitted,

s/ Alex D. Tomaszczuk by s/ Daniel S. Herzfeld
Alex D. Tomaszczuk
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, Virginia 22102-4859
(703) 770-7940
(703) 770-7901 (fax)
Counsel of Record for Plaintiff
Entergy Nuclear Indian Point 2, LLC

Of Counsel:

Jay E. Silberg
Daniel S. Herzfeld
Jack Y. Chu
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington, D.C. 20037-1128
(202) 663-8000
(202) 663-8007 (fax)

L. Jager Smith, Jr.
c/o Entergy Services, Inc.
1340 Echelon Parkway
Jackson, MS 39213
(601) 368-5572

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr. by s/ Daniel S. Herzfeld
HAROLD D. LESTER, JR.
Assistant Director

s/ Joshua E. Gardner by s/ Daniel S. Herzfeld
JOSHUA E. GARDNER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 305-7583
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:
JANE K. TAYLOR
MARTHA S. CROSLAND
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

---

(Government did not oppose supplementation of complaint where discovery had just begun); Wisconsin Electric Power Co. v. United States, No. 00-697C (Merow, S.J.) (same).