**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
(Electronically Filed on March 7, 2006)

| | | |
|---|---|---|
| **ENTERGY NUCLEAR INDIAN POINT 2, LLC,** | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 03-2622C (Judge Wheeler) |
| **THE UNITED STATES,** | ) | |
| Defendant. | ) | |

**JOINT PROPOSED PRETRIAL ORDER ON DAMAGES**

Pursuant to the Court's January 30, 2006 Scheduling Order, Plaintiff Entergy Nuclear Indian Point 2, LLC ("ENIP") and Defendant, the United States (the "Government"), jointly and respectfully propose the foregoing Pretrial Order on Damages:[1]

For the damages disclosure required by RCFC 26(a)(1)(C), and, subsequently, for exhibits proposed in accordance with RCFC Appendix A, paragraph 13(a), the parties shall adhere to the following procedures:

(a) On or before February 1, 2008, ENIP shall provide to the Government any and all items and figures from books of account or other records which are to be introduced into evidence in this matter, and any calculations or estimates derived therefrom. The items and figures shall be set forth on separate schedules or summaries, as further described in paragraph (b) below.

[1] Defendant joins in this proposal notwithstanding and without waiving its objections to the Court's denial of defendant's motion to consolidate this case with Consolidated Edison Co. of New York v. United States, No. 00-0033C (Fed. Cl.). Defendant continues to believe that this case and ConEd should be consolidated and that discovery in these cases should proceed upon parallel paths. Nevertheless, in light of the Court's prior ruling, and without waiving any right to challenge to the Court's decisions regarding consolidation and parallel discovery, defendant has attempted to comply with the direction in the Court's January 30, 2006 order.

(b) Any schedule or summary provided by ENIP pursuant to paragraph (a) above shall be accompanied by a statement describing the source(s) for the items or figures listed (e.g., ledgers, journals, payrolls, invoices, checks, time cards, etc.), the location(s) of the source(s), the time during the discovery period when the source(s) may be examined or audited by the Government, the name and address of the person(s) who prepared each schedule or summary for ENIP and who shall be made available to the Government during an examination or audit of the source material to provide information and explanations required for verification of the listed items or figures.

(c) On or before July 8, 2008, the Government, having received schedules or summaries pursuant to paragraph (a), shall arrange for a complete examination or audit as desired of ENIP's source material, preferably by person(s) available to provide testimony in any ensuing evidentiary proceedings. By the specified date above, the Government shall provide counsel for ENIP with a statement admitting or denying the accuracy or admissibility of each schedule or summary (or portion thereof) submitted pursuant to paragraph (a). The statement shall address each item and figure submitted, and shall set forth the results of the examination or audit of the source material. The statement shall include the reason(s) for any denial of accuracy as to specified items or figures, citing generally accepted accounting principles or regulations where applicable, and the reason(s) for any denial of admissibility as to specific items or figures, keyed to the applicable Federal Rule(s) of Evidence. Any item or figure not denied as to accuracy or admissibility by the date specified above shall be deemed not contested.

(d) Proposed trial exhibits exchanged pursuant to RCFC Appendix A, paragraph 13(a), and listed pursuant to RCFC Appendix A, paragraph 16, shall include schedules setting forth all items and figures from books of account or other records, and calculations or estimates derived therefrom, which a party proposes be introduced into evidence with appropriate identification of those specific scheduled items, figures, calculations and estimates thereon which, on the basis of pretrial examination or audit and exchanges are contested as to accuracy or admissibility, so that evidentiary proceedings as to items and figures shall thereafter be limited only to those identified as contested.

Dated: March 7, 2006

Respectfully submitted,

s/ Alex D. Tomaszczuk by s/ Jack Y. Chu

Alex D. Tomaszczuk
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, VA 22102-4859
(703) 770-7940
(703) 770-7901 (fax)

Counsel of Record for Plaintiff
Entergy Nuclear Indian Point 2, LLC

OF COUNSEL:
Jay E. Silberg
Daniel S. Herzfeld
Jack Y. Chu
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington, D.C. 20037
(202) 663-8000
(202) 663-8007 (fax)

L. Jager Smith, Jr.
**WISE CARTER CHILD**
**& CARAWAY, P.A.**
1340 Echelon Parkway
Jackson, MS 39213
601-368-5572
601-368-5816 (fax)

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr. by s/ Jack Y. Chu
HAROLD D. LESTER, JR.
Assistant Director

s/ Joshua E. Gardner by s/ Jack Y. Chu
JOSHUA E. GARDNER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 305-7583
Fax: (202) 307-2503
Attorneys for Defendant

OF COUNSEL:
JANE K. TAYLOR
MARTHA S. CROSLAND
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585